UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW COLEMAN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>GREYHOUND LINES, INC.,<br><br>　　　　Defendant. | Case No. 5:23-cv-01765-SB-SP<br><br><br>ORDER DENYING MOTION TO REMAND [DKT. NO. 16] |

At the October 6 mandatory scheduling conference, the Court directed the parties to "promptly meet and confer to discuss the possibility of an early settlement or of remanding the case by stipulation" and ordered that "[i]f the parties are unable to reach agreement, Plaintiff no later than October 13, 2023, shall file his motion for leave to file a First Amended Complaint (FAC) and to remand." Dkt. No. 12 at 1–2. The Court explained in its minute order that Plaintiff's argument that removal was improper was flawed:

> Plaintiff has suggested that the removal was improper and the Court lacks jurisdiction because the driver of the bus is likely a California resident. As counsel conceded at the conference, the bus driver was named as a Doe defendant, such that his or her citizenship is disregarded in determining whether diversity is complete for purposes of removability. 28 U.S.C. § 1441(b)(1). Thus, removal was proper, and the Court has jurisdiction over the case as currently pleaded. The key jurisdictional question is whether the driver is nondiverse such that naming the driver as a defendant in the FAC will destroy diversity and require remand if the Court permits the filing of the FAC. *See* 28 U.S.C. § 1447(e).

*Id*. at 2 n.1. Disregarding the Court's order, Plaintiff on October 13 filed a motion to remand that does not seek leave to file an FAC naming the driver (who has now been confirmed to be a California resident) but argues again that removal was improper based on the citizenship of the driver. Dkt. No. 16. As the Court already

1

explained, because the driver was fictitiously named, his citizenship is disregarded for purposes of determining whether removal was proper.  28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").[1]  Thus, as previously explained, removal was proper, and the Court has jurisdiction over the case as currently pleaded.  Furthermore, because the driver was not "properly joined and served" at the time of removal, his California citizenship did not render removal improper under § 1441(b)(2).

Because the Court has already explained that Plaintiff's argument fails, there is no need to hold a hearing or require opposition briefing from Defendant.  The motion is DENIED.  Plaintiff's disregard for the Court's orders, which has resulted in needless delay and expenditure of judicial and party resources, is concerning.  Plaintiff is cautioned that any further disregard of the Court's orders will likely result in the issuance of an order to show cause re sanctions.

The Court EXTENDS until October 27, 2023, the deadline for Plaintiff to file a motion for leave to file an FAC and to move for remand based on the FAC, if the parties are unable to resolve their dispute or agree to remand.

IT IS SO ORDERED.

Date: October 13, 2023

_____
Stanley Blumenfeld, Jr.
United States District Judge

---

[1] Plaintiff's motion invokes an exception to this rule adopted by some courts that have held that "[i]f . . . Plaintiff's allegations that concern the Doe Defendants provide a reasonable indication of their identity, the relationship to the action, and their diversity-destroying citizenship, then the Court lacks diversity jurisdiction." *Robinson v. Lowe's Home Centers, LLC*, 1:15-CV-1321, 2015 WL 13236883, at *3 (E.D. Cal. Nov. 13, 2015).  But Plaintiff's complaint merely identifies "DOES 1–25" and does not even mention a driver of the bus, much less assert that the driver was a California resident, Dkt. No. 5-1, so even if Plaintiff states the correct legal rule, it has no bearing here.